FILED
01 SEP 19 AM 8:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIE ROGERS, JR.,            )
                               )
          Petitioner,          )
                               )
vs.                            )   Case No. CV-00-N-346-E
                               )
R. WILEY, Warden,              )
                               )
          Respondent.          )
                               )

ENTERED
SEP 19 2001

## MEMORANDUM OPINION

The petitioner, Willie Rogers, Jr., filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 9, 2000, challenging the constitutional validity of the Federal Bureau of Prisons' ("BOP") refusal to declare petitioner eligible for a sentence reduction pursuant to 18 U.S.C. § 3621. He is currently incarcerated at the Federal Correctional Facility in Talladega, Alabama.

The respondent on May 4, 2000, submitted recent authority which indicated that this case likely would be controlled by a case pending in the United States Supreme Court. On February 5, 2001, respondents submitted Lopez v. Davis, 531 U.S. 230, 121 S. Ct. 714, 148 L. Ed. 2d 635, (2001), sub nom. Houston v. Kilpatrick, 531 U.S. 1108, 121 S. Ct. 851, 148 L. Ed. 2d 766 (2001), and a motion to



dismiss the petition, asserting that <u>Lopez</u> resolves the issue raised in the instant case. Accordingly, the court on February 7, 2001, entered an order regarding summary disposition.

The petitioner was convicted of (1) conspiracy to possess with intent to distribute a controlled substance, (2) possession with intent to distribute a controlled substance, (3) use of a firearm during and in relation to a drug-trafficking crime, and (4) possession of a firearm by a convicted felon. He was sentenced on July 27, 1994, but the use-of-a-firearm charge was set aside. On September 18, 1996, petitioner was resentenced for the offenses of (1) conspiracy to possess with intent to distribute a controlled substance, (2) possession with intent to distribute a controlled substance, and (3) possession of a firearm by a convicted felon. His 1996 sentencing included a two-level enhancement under United States Sentencing Guidelines 2D1.1 for possession of a firearm.

After being incarcerated, petitioner began participation in a residential drug abuse program, which is a prerequisite to early release consideration under 18 U.S.C. § 3162(e)(2)(B).[1] However,

---

[1] The statute provides:
**(B) Period of custody**. - The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

the Bureau of Prisons ("BOP") advised petitioner that, in its discretion, the BOP would not consider petitioner to be eligible for early release because of his conviction for being a felon in possession of a firearm and because of the two-level enhancement for possession of a weapon.

Petitioner contends that the conviction for being a felon in possession of a firearm is a "nonviolent offense" for purposes of 18 U.S.C. § 3621(e)(2)(B) and that the blanket denial of early release consideration to inmates with such convictions violates the Eleventh Circuit Court of Appeals decision in <u>Kilpatrick v. Houston</u>, 197 F.3d 1134 (1999)(adopting <u>Kilpatrick v. Houston</u>, 36 F. Supp. 2d 1328 (N.D. Fla. 1999)), in which it invalidated the post-<u>Byrd v. Hasty</u>, 142 F.3d 1395 (11th Cir. 1998), Bureau of Prisons regulation found at 28 C.F.R. 550.58(a)(1)(vi)(B)(1998).[2] In <u>Byrd</u>, the court concluded that "the BOP exceeded its statutory authority when it categorically excluded from eligibility those inmates convicted of a nonviolent offense who received a sentencing enhancement for possession of a firearm. The BOP's interpretation

---

[2] Petitioner does not specifically assert that the denial of early release consideration to inmates whose sentences were enhanced for possession of a firearm during a narcotics offense was violative of his rights; however, the Government assumes, *arguendo*, that petitioner intended to make such an argument and the court addresses both issues as to whether the BOP denial was improper.

3

of the 18 U.S.C. § 3621(e)(2)(B) is simply in conflict with the statute's plain meaning." Id. at 1398. On December 10, 1999, the Eleventh Circuit Court of Appeals invalidated the BOP regulation found at 28 C.F.R. § 550.58(a)(1)(vi)(B)(1998).[3] Kilpatrick v. Houston, 197 F.3d 1134 (11th Cir. 1999), affirming 36 F. Supp. 2d 1328 (N.D. Fla. 1999), cert. granted and vacated in light of Lopez v. Davis, 531 U.S. 230 (2001).

In Lopez, the United States Supreme Court upheld the very regulation at issue in this case. The Court held that the Bureau

---

[3] The regulation provides:

An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>    (a) Additional early release criteria.
>        (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>        . . .
>        (iv) Inmates whose current offense is a felony:
>        . . .
>        (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device).

of Prisons "may categorically exclude prisoners [from consideration for early release] based on their preconviction conduct," and that the regulation excluding Lopez was permissible.  <u>Id</u>. at 244.  The Court further noted:

> The Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision.

<u>Id</u>.

In this case, petitioner both had a conviction for involvement with firearms and had been given an enhanced sentence based upon his involvement with firearms.  In light of the Supreme Court's decision in <u>Lopez</u>, the respondent's motion to dismiss the petition is due to be granted.

### **CONCLUSION**

Accordingly, for the reasons stated above, the petition for writ of *habeas corpus* under 28 U.S.C. § 2241 is due to be denied and dismissed with prejudice.  A separate order will be entered in accordance with this memorandum opinion.

The Clerk is DIRECTED to serve a copy of this memorandum opinion upon the petitioner and upon counsel for the respondent.

DATED this __18th__ day of September, 2001.

                                  _____
                                  EDWIN L. NELSON
                                  UNITED STATES DISTRICT JUDGE